UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THERESA PIEKARSKI, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) Case No. 12-CV-7346 ) |
| v. | ) Judge John W. Darrah ) |
| AMEDISYS ILLINOIS, LLC and AMEDISYS HOLDING LLC, | ) ) ) |
| Defendants. | ) |

# **MEMORANDUM OPINION AND ORDER**

On September 13, 2012, Plaintiff Theresa Piekarski filed this Fair Labor Standards Act ("FLSA") collective action against Amedisys Holding LLC and Amedisys Illinois, LLC (collectively, the "Defendants"), on behalf of a putative class of Illinois home healthcare clinicians who work or had worked for Amedisys. Based on the same allegations, Plaintiff also asserted a claim under the Illinois Minimum Wage Law (IMWL), 820 ILCS 105/1 *et seq.*

On July 25, 2012, before Piekarski filed her Complaint, another FLSA action was filed against Amedisys in the U.S. District Court for the District of Connecticut on behalf of a putative nationwide class of clinicians, *Cook v. Amedisys, Inc.,* No. 3:12-cv-1082. Defendants have moved to stay the present case, pending resolution of the issues in the first-filed *Cook* case. Defendants also have moved for a protective order regarding discovery; and, in response, Piekarski has requested an equitable tolling of the statute of limitations.

## BACKGROUND

*The Parties*

Plaintiff Piekarski, a resident of Crystal Lake, Illinois, was employed by Defendants as a Psychiatric Registered Nurse between approximately August 2011 and May 2012. (Compl. ¶¶ 19-20.) Defendant Amedisys Illinois, LLC is an Illinois corporation. (*Id.* ¶ 22.) Defendant Amedisys Holdings, LLC is a Louisiana corporation and the sole member of Amedisys Illinois, LLC. (*Id.* ¶¶ 24-26.) Defendants are in the business of providing home healthcare services throughout Illinois. (*Id.* ¶ 2.)

*The Instant Piekarski Case*

On September 13, 2012, Plaintiff filed a two-count Complaint, asserting violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, and the Illinois Minimum Wage Law (IMWL), 820 ILCS 105/1, *et seq.*, for Defendants' alleged failure to pay home health clinicians overtime wages (the "*Piekarski* case"). (*Id.* ¶ 1.) Plaintiff alleges that she and "persons similarly situated" to her are current and former clinicians, including Registered Nurses, Occupational Therapists, Physical Therapists, Social Workers, and Speech Language Pathologists (collectively, "Clinicians"), who were, or are, employed by Amedisys to provide healthcare services to patients in their homes. (*Id.* ¶ 3.) Plaintiff alleges that for the last three years, Defendants paid Clinicians on a combined "per visit" and hourly basis, without the payment of any overtime wages for the time they worked in excess of forty hours a week. (*Id.* ¶¶ 5, 10.) Plaintiff further alleges that Defendants "misclassified" Plaintiff and other Clinicians as exempt from the overtime provisions of the FLSA and IMWL and therefore violated those provisions. (*Id.* ¶14.)

*The Cook Case in Connecticut*

On July 25, 2012, plaintiffs Julie Cook, Scott Tomkins, and Joseph Husk filed a lawsuit in the U.S. District Court for the District of Connecticut against Amedisys, Inc., on behalf of themselves "and others similarly situated," in the matter of *Cook v. Amedisys, Inc.*, No. 3:12-cv-01082 (Hon. Eginton). (Defs.' Mem. in Support of Mot. ("Defs.' Mot.") Exh. 1.) The *Cook* case asserts a FLSA claim and purports to encompass as plaintiffs all of Amedisys's "Registered Nurses, Physical Therapists, Occupational Therapists, and Speech Language Pathologists" employed anywhere in the United States since July 25, 2009. (*Id*. at ¶¶ 6, 18.) The *Cook* complaint also generally describes the named plaintiffs and putative class members as "Clinicians." (*Id*. at ¶¶ 3, 13.) According to the *Cook* complaint, these Clinicians were "misclassified . . . as exempt [from FLSA overtime requirements], because the per visit/hourly compensation plan [Amedisys allegedly uses to compensate these individuals] does not comply with either the salary or the fee basis requirements of the FLSA." (*Id*. at ¶¶ 28, 37, 47.) The *Cook* complaint requests that the court, among other things, issue a notice of collective action under the FLSA to all of Amedisys's current and former (for a period of three years) Clinicians across the country, informing them of the lawsuit and providing them an opportunity to "opt in." (*Id.* at Prayer ¶ 2.) The *Cook* case also purports to bring a claim on behalf of those Amedisys Clinicians who worked in Pennsylvania, asserts a violation of Pennsylvania Minimum Wage Law ("PMWL"), and seeks certification of a Pennsylvania class under Fed. R. of Civ. P. 23. (*Id.* at ¶¶ 78-85.) Two Illinois employees of Amedisys, Bettye White and Beverly Richardson, have opted into the *Cook* case by filing written consents with the court. (Defs.' Mot. Ex. 3.)

Originally, the Defendants here moved to transfer the *Piekarski* case to be venued with the *Cook* case and to stay the proceedings before this Court. However, after the court in *Cook*

denied the *Cook* defendants' motion to transfer venue to Louisiana in that case, the *Piekarski* Defendants have withdrawn their motion to transfer before this Court without explanation. The *Piekarski* Defendants' request for a stay, pending resolution of class and dispositive motions in the *Cook* case, and their related request for a protective order remain pending before this Court. The *Piekarski* Plaintiff has also requested an equitable tolling of the statute of limitations for other prospective plaintiffs.

## LEGAL STANDARD

It is within the discretion of the trial court to manage its docket and, when appropriate, stay proceedings. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *See, e.g., Tex. Independent Producers & Royalty Owners Ass'n v. EPA*, 410 F.3d 964, 980 (7th Cir. 2004) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In determining whether to grant a stay, the court may consider the following factors: (1) "whether a stay will unduly prejudice or tactically disadvantage the non-moving party," (2) "whether a stay will simplify the issues in question and streamline the trial," and (3) "whether a stay will reduce the burden of litigation on the parties and on the court." *Pfizer Inc. v. Apotex Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009). A stay should not be granted if some party will be burdened as a result unless the moving party demonstrates a clear case of hardship or inequity in being required to proceed. *Landis*, 299 U.S. 248 at 255.

## ANALYSIS

Defendants contend that the present *Piekarski* case should be stayed, pending resolution of the first-filed *Cook* case, based on the factual and legal overlap between the two cases. Defendants argue that the *Piekarski* case is based on the same alleged violation of the FLSA

4

asserted in *Cook* and that *Piekarski*'s IMWL claim is based on the same theory as its FLSA claim. Defendants further point out that *Cook*'s putative class overlaps *Piekarski*'s putative class and that (as mentioned above) two members of *Piekarski*'s putative class, Illinois residents White and Richardson, have opted into the *Cook* case. In a separate motion, Defendants also argue that Plaintiff has requested overly broad discovery that goes to the merits of the case and that discovery should be stayed, as well.

Regarding the first factor, Plaintiff argues that a delay in discovery will prejudice potential Illinois collective-action members because the statute of limitations will continue to run until prospective plaintiffs have filed a written consent to participate in the lawsuit. *See* 29 U.S.C. § 216(b). Apart from this argument, Plaintiff identifies no other prejudice to her claims and appears to concede to staying discovery pending resolution of the claims in *Cook*.[1] Thus, this factor weighs in favor of a stay, except as to the issue of notice informing potential Illinois collective-action members of their rights under the FLSA.

Regarding the second factor, a stay will simplify the issues in question by allowing them to be decided in the first-filed *Cook* case and by preventing inconsistent rulings. *Id.* The claims at issue are nearly identical, as both cases assert FLSA claims based on exempting Defendants' Clinician employees from overtime wages. Furthermore, regarding the third factor, a stay will reduce the burden of litigation on the parties and the courts and eliminate duplicative discovery and rulings. Thus, both those factors weigh in favor of a stay.

Judicial economy and resources will be conserved by a stay in this action, except that fairness to Plaintiff dictates that she have an opportunity to issue notice to other Illinois putative

---

[1] Plaintiff raises this argument in her response to Defendants' motion for a protective order/stay of written discovery.

class members of their rights under the FLSA.  Consequently, Defendants' motions are granted in part and denied in part.  This case will be stayed, pending the resolution of class certification and dispositive motions in *Cook*, except that limited discovery may proceed that is restricted to permit Plaintiff to provide notice to potential Illinois putative class members only.

*Plaintiff's Request for Equitable Tolling*

In her opposition to Defendant's motion for a protective order/stay of written discovery, Plaintiff has requested an "equitable tolling" of the statute of limitations to protect potential Illinois collective-action members.  In *U.S. v. Cook*, 795 F.2d 987, 994 (Fed. Cir. 1986), the Federal Circuit vacated a district court's order that purported to toll the statute of limitations for potential plaintiffs who were not parties and had not filed claims.  The Federal Circuit referred to the "case or controversy" requirement of Article III of the U.S. Constitution and noted that it would be premature for a district court to rule on equitable tolling issues where such a ruling would not affect the parties before the court.  *Id.*  Likewise, in this case, it would be improper for the Court to toll the statute of limitations for prospective plaintiffs.  Plaintiff's request for tolling the statute of limitations is denied.

**CONCLUSION**

For the reasons set forth above, Defendants' Motions to Stay and for a Protective Order [19, 36] are granted in part and denied in part. The case will be stayed, pending resolution of class certification issues and dispositive motions in the matter, *Cook v. Amedisys, Inc.,* No. 3:12-cv-1082 (D. Conn.), except that limited discovery may proceed that is restricted to permit Plaintiff to provide notice to potential Illinois putative class members only. Plaintiff's request for equitable tolling of the statute of limitations is denied.

Date:___May 28, 2013_____  _____
JOHN W. DARRAH
United States District Court Judge