UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THERESA PIEKARSKI, on behalf of herself and all others similarly situated, </br></br> Plaintiff, </br></br> v. </br></br> AMEDISYS ILLINOIS, LLC, and AMEDISYS HOLDING, LLC, </br></br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 12-cv-07346 </br></br> Magistrate Judge Schenkier |

## ORDER APPROVING OPT-IN SETTLEMENT

Consistent with the Parties' proposed Stipulation and Settlement Agreement in this action (Dkt. 152-1) (the "Settlement Agreement"), and after having fully and carefully reviewed Plaintiffs' Unopposed Motion to Certify a Collective Action Under Section 216(b) of the FLSA Solely for Settlement Purposes; for Approval of an Opt-in Settlement; for Appointment of Settlement Administrator; and for Approval of Awards of Attorneys' Fees and Costs and Services Awards, the Court hereby APPROVES the Parties' Settlement and ORDERS that:

1. The Court APPROVES the Settlement Agreement as a fair, equitable, and reasonable resolution of a *bona fide* dispute in this contested litigation, subject to no Federal or State official intervening under the Class Action Fairness Act, 28 U.S.C. § 1715, by November 7, 2016 (*i.e.*, the first business day following 100 days of the filing of the proposed settlement with the Court). The Court incorporates the Settlement Agreement herein by this reference and makes it a part hereof as though set forth in full.

2. The Court CERTIFIES, solely for purposes of the Parties' Settlement Agreement, hereby approved by the Court, the following Settlement Class, as defined in Part II.A.22 of the Settlement Agreement, for collective treatment pursuant to 29 U.S.C. § 216(b):

> All full-time Registered Nurses, Physical Therapists, Occupational Therapists, Speech Language Pathologists, and Medical Social Workers employed by Defendants in their home-health division in Illinois, and paid on a per-visit basis, at any time from September 13, 2009 to November 20, 2015, regardless of the specific job title or titles used to describe such individuals in Defendants' data systems, but excluding any individual who (i) was employed by Defendants for the first time after November 20, 2015; (ii) was exclusively categorized as a part-time employee during employment with Defendants from September 13, 2009 to November 20, 2015; (iii) was employed by Defendants for the first time after September 2013, and who consented to be bound by Defendants' Dispute Resolution Agreement, which requires individuals to subject most employment-related disputes to mandatory arbitration, at the time of their hire, before starting to work for Defendants; or (iv) previously opted into *Tomkins, et al. v. Amedisys, Inc.*, Case No. 3:12-cv-01082 WWE (D. Conn.).

A list of all individuals meeting this definition, 117 persons, is attached hereto as exhibit 3 to the Settlement Agreement.

3. The formula for allocation of settlement payments set forth in the Settlement Agreement is APPROVED as a fair, equitable, and reasonable measure for distributing the settlement payment to the Settlement Class Members;

4. The Notice of Settlement attached as exhibit 1 to the Settlement Agreement, as amended in the Parties' August 3, 2016, submission to the Court, and which includes a "Consent to Join Settlement and Release Form," as well as an I.R.S. Form W-9, is APPROVED and shall be issued consistent with the procedures outlined below and in the Settlement Agreement, to the Settlement Class;

5. The Named Plaintiff and Opt-in Plaintiffs shall not be required to submit a consent to join settlement and release form to participate in the Settlement. All other members of the Settlement Class must submit a consent to join settlement and release form by the close of

the Notice Period, as defined in the Settlement Agreement, to participate in the Settlement and to become a Participating Class Member.

6. Each and every member of the Settlement Class who becomes a Participating Class Member shall be deemed to completely settle, compromise, release, and discharge Defendants from any and all claims asserted in the Litigation, including any and all past and present matters, disputes, claims, demands, rights, liabilities, expenses, damages, losses of any kind, and causes of action, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state, or other applicable law, which any Participating Class Member has or might have, known or unknown, asserted or unasserted, of any kind whatsoever that relate to the alleged failure to pay all overtime wages owed, except to the extent that any such claim may not be waived as a matter of law, as more fully described in the Parties' Settlement Agreement. This Release has no application to any claim by any member of the Settlement Class arising after November 20, 2015.

7. Settlement Class members who do not return an executed consent to join settlement and release form by the close of the Notice Period will not release any claims against Defendants.

8. Following the close of the Notice Period, the Parties shall file a report with the Court identifying all Settlement Class members who became Participating Class Members.

9. Dahl Administration is APPOINTED to serve as the neutral, third-party Settlement Administrator in this case. The Court HEREBY ORDERS and AUTHORIZES Dahl Administration to perform the administrative duties specified herein.

I.  *Issue Notice of Settlement*

First, the Court ORDERS Dahl Administration, consistent with Part II.K of the Settlement Agreement, to issue the Notice of Settlement to all members of the Settlement Class consistent with the procedures set forth in the parties' Settlement Agreement. To that end, Dahl Administration shall:

a.  Accept receipt from Defendants of the names and last known mailing addresses, email address, Employee ID number, and Social Security number for the Named Plaintiff, Opt-in Plaintiffs, and all other members of the Settlement Class;

b.  Update the provided addresses for all members of the Settlement Class using the National Change of Address database and by performing one "skiptrace" to identify, if possible, an updated address, prior to mailing notices to members of the Settlement Class;

c.  Prepare, format, print, and disseminate by First-Class U.S. Mail and email the Notice of Settlement, which will include the Court-approved notice, the consent to join settlement and release forms that members of the Settlement Class are required to complete in order to be considered Participating Class Members, and the I.R.S. Form W-9 that Participating Class Members are required to complete in order to receive Settlement Payments, as well as a postage pre-paid return envelope for the consent to join settlement and release form sent via First Class U.S. Mail; and

d.  Thirty (30) days after the issuance of the Notice of Settlement, prepare, format, print, and disseminate by First-Class U.S. Mail and email the

Court-approved Reminder Notice to any members of the Settlement Class who have not at that time submitted a consent to join settlement and release form to become Participating Class Members, which will include the Court-approved Reminder Notice, the consent to join settlement and release form, and the I.R.S. Form W-9, as well as a postage pre-paid return envelope for the consent to join settlement and release form sent via First Class U.S. Mail.

II. *Collect Required Forms and Requests for Exclusion*

The Court FURTHER ORDERS Dahl Administration to collect Court-approved consent to join settlement and release forms and I.R.S. Form W-9s returned via U.S. Mail, e-mail, or fax by members of the Settlement Class who wish to receive Settlement Payments. As part of these tasks, Dahl Administration shall:

a. Establish and maintain a mailing address, e-mail account, and fax number for receipt of collect Court-approved Consent to Join Settlement and Release Forms and I.R.S. Form W-9s; and

b. Within 14 calendar days of the receipt of any collected Court-approved consent to join settlement and release forms, identify any deficiencies and return any deficient forms to the senders, along with a letter (copying counsel for the Parties) explaining the deficiency, and instructions to resubmit corrected forms within 14 calendar days.

c. Within 14 calendar days of the receipt of any collected timely Court-approved consent to join settlement and release forms without

5

accompanying I.R.S. Form W-9s or receipt of deficient I.R.S. Form W-9s, after identifying any deficiencies, send the individual a letter (copying counsel for the Parties) explaining the deficiencies (and returning any deficient document received) and stating that the individual must correct the deficiency and submit or re-submit the corrected forms at least 21 days before the expiration of the Check Cashing Period in order to receive his or her Settlement Payment.

III.  *Establish and Distribute Funds from a Qualified Settlement Fund*

Additionally, the Court ORDERS that, following the end of the Notice Period, Dahl Administration shall take the necessary steps, consistent with the Settlement Agreement, to distribute individual Settlement Payments to Participating Class Members, as well as to make any other Court-authorized payments under the settlement. This shall include:

a.  Determining, and communicating to Defendants, the total amount Defendants are obligated to pay into the Qualified Settlement Fund ("QSF") under the Settlement Agreement, by: (i) subtracting from the Gross Settlement Amount the portion of the Revised Gross Settlement Amount allocated to individual settlement awards for members of the Settlement Class who did not timely submit the required consent to join settlement and release forms (taking into account the minimum distribution floor established in Part II.L of the Settlement Agreement); and (ii) adding to the remainder the employer's share of payroll taxes

associated with individual Settlement Payments to Participating Class Members;

b. Setting up a QSF and accepting distribution from Defendants of the amount discussed in the prior paragraph;

c. Calculating and returning to Defendants the amounts of previously designated Settlement Payments that Defendants paid into the Qualified Settlement Fund any Participating Class Members who do not timely submit the required I.R.S. Form W-9 to receive a Settlement Payment, including any payroll taxes associated with such amounts previously calculated for Settlement Payments.

d. Paying Court-authorized awards of Plaintiffs' Attorney's Fees and Plaintiffs' Litigation Expenses, as described below, from the QSF and issuing I.R.S. Form 1099s to Plaintiffs, Participating Class Members, and Plaintiffs' Counsel for such payments;

e. Paying Court-authorized Service Awards to the Named Plaintiff and Opt-in Plaintiffs, as described below;

f. Determining the costs of Dahl Administration's own services and expenses in connection with the administration of the settlement;

g. Calculating the amounts of individual Settlement Payments to be provided to all members of the Settlement Class, based on the Parties' agreed methodology and the preliminary calculations provided by Plaintiffs' Attorneys;

h. Determining which members of the Settlement Class are Participating Class Members, as defined in Part II.A.12 of the Settlement Agreement;

i. Calculating and withholding required taxes, including but not limited to all FICA and FUTA taxes, from the individual Settlement Payments made to Plaintiffs and Participating Class Members who have timely provided an I.R.S. Form W-9;

j. Calculating and notifying Defendants of the FICA and FUTA tax payments which Defendant is responsible to pay;

k. Performing all tax reporting duties required by federal, state, or local law;

l. Preparing and sending, by U.S. Mail, individual settlement checks to the Plaintiffs and Participating Class Members who have timely returned an I.R.S. Form W-9, consistent with the Settlement Agreement;

m. Preparing and sending, by U.S. Mail, I.R.S. Form W-2s and 1099s to each Authorized Claimant, following the issuance of settlement checks, consistent with the provisions of the Settlement Agreement;

n. Providing copies of each negotiated settlement check to counsel for Defendants and, upon request, Plaintiffs' Attorneys;

o. Voiding and placing stop-payments on settlement checks that are not negotiated within 180 calendar days following their being mailed to Plaintiffs or Participating Class Members, or that are reported as potentially stolen or lost by a Plaintiff or Participating Class Members;

p. Re-issuing checks as specified in the Part II.Q.5 of the Parties' Settlement Agreement;

q. Escheating unclaimed Settlement Payments, including funds from non-negotiated checks, to the appropriate state agencies, to the extent required by applicable law; and

r. Distributing to the Parties' agreed *cy pres* charity, The Dream Foundation, any undistributed or unclaimed Settlement Payments, including any amounts required under the agreed minimum distribution floor set forth in Part II.L of the Settlement Agreement or funds from non-negotiated checks that are not subject to escheatment.

IV. *Reporting Activities to the Parties*

Dahl Administration is HEREBY ORDERED to regularly report to the parties, in written form, the substance of the work it performs in this matter pursuant to this Order and the parties' Settlement Agreement. This shall include informing the parties of the dates Dahl Administration mails Notice of Settlement to members of the Settlement Class, when it distributes and funds from the Qualified Settlement Fund, and when it mails settlement the Court's order granting final approval to the proposed settlement, if any.

Specifically, Dahl Administration shall provide counsel for both parties, within 190 days of the mailing of Settlement Payments, a declaration from an appropriate agent or agents working for it, stating under penalty of perjury: (a) the services that the Settlement Administrator has performed in connection with this settlement; (b) the names and addresses of all individuals to whom the Settlement Administrator mailed notice of the proposed settlement; (c) whether each such individual timely and properly submitted the required consent form and I.R.S.

Form W-9 to receive a Settlement Payment; and (d) whether each such individual was sent a Settlement Payment, the amount of such Settlement Payment, and, to the extent known, whether the Settlement Payment was negotiated within the timeframe provided in the Settlement Agreement.

To allow the parties and the Court to evaluate the work performed by Dahl Administration in this matter, Dahl Administration is also ORDERED to maintain records of all activities associated with its settlement administration duties pursuant to this Order and the parties' Settlement Agreement, including: (i) records reflecting the dates of all mailings to members of the Settlement Class; (ii) records reflecting the dates of all materials and inquiries received in connection with the proposed settlement (whether by U.S. Mail, e-mail, fax, or telephone); (iii) the original mailing envelope for any returned Notice of Settlement, any tax or consent forms received by U.S. Mail or any other correspondence received from members of the Settlement Class; (iv) logs or date-stamped copies showing the dates and times of receipt of tax or consent forms received by fax; (v) the original copies of any email communications with any members of the Settlement Class.

V.  *Miscellaneous*

The Court FURTHER ORDERS that counsel for all parties have the right to review and approve any substantive communications to be distributed by Dahl Administration to Settlement Class members and Participating Class Members in connection with the proposed settlement prior to their distribution. As such, Dahl Administration shall not distribute Notices of Settlement, Reminder Notices,

consent to join and consent forms, deficiency notices, and/or settlement checks without first receiving written approval from counsel for both Parties of the templates for such documents. Nor shall Dahl Administration engage in any other substantive communications with Settlement Class members and/or Participating Class Members, without first receiving approval from counsel for both Parties, or direction from the Court, to engage in such communications. Dahl Administration is FURTHER ORDERED to take reasonable steps to protect the disclosure of any and all personal information concerning members of the Settlement Classes provided to Dahl Administration by counsel for the Parties, including but not limited to their names, addresses, Employee ID numbers, and Social Security numbers. This includes maintaining reasonable administrative, physical, and technical controls in order to avoid public disclosure of any such information and to protect the confidentiality, security, integrity, and availability of such personal data. It further and specifically includes disseminating to Plaintiffs' Attorneys the Social Security number for any member of the Settlement Class who has not submitted a written Consent to Join the Settlement and Release Form.

Finally, Dahl Administration is ORDERED to perform whatever additional tasks that are agreed to by all Parties, and which are reasonably necessary to effectuate the issuance of notice of the settlement of this action, to collect and track the tax and consent forms provided by members of the Settlement Class who wish to become Participating Class Members and receive Settlement Payments, and to distribute funds associated with the settlement.

10. The Court APPROVES the reimbursement of litigation expenses and costs to Werman Salas P.C. in the amount of $10,495.00. The Court will rule on the request for payment of $250,000 in attorneys' fees to Werman Salas P.C. after the close of the Notice Period.

11. The Court APPROVES the payment of settlement administration fees to Dahl Administration in the amount of $8,392.

12. The Court APPROVES the Named Plaintiff Service Award in the amount of $15,000.00 to Theresa Piekarski, and the Opt-In Plaintiff Service Awards in the amount of $2,500, each, to Edward Thelen and Radha Godambe.

13. Defendants are hereby ORDERED to make payments in accordance with and subject to the terms of the Settlement Agreement, unless one or more of the Federal or State officials to whom Defendants sent notice of the Parties' proposed settlement under the Class Action Fairness Act, 28 U.S.C. § 1715, intervenes in this action by November 7, 2016 (*i.e.*, the first business day following 100 days of the filing of the proposed settlement with the Court).

14. This case is DISMISSED WITHOUT PREJUDICE. The Court retains jurisdiction to address the issue of Plaintiffs' request for an award of Attorneys' Fees and to enforce the terms of the Settlement Agreement for a period of one-hundred and eighty (180) days after entry of this Order, which will be January 30, 2017. If the issue of Plaintiffs' request for Attorneys' Fees has been resolved and no motion is brought to enforce the terms of the Settlement Agreement on or before January 30, 2017, the dismissal without prejudice will convert to a dismissed with prejudice as to Named Plaintiff Piekarski, Opt-in Plaintiff Thelen, Opt-in Plaintiff Godambe, and all Participating Class Members. The dismissal will have no effect on any Settlement Class member who does not become a Participating Class Member.

15. This matter is set for a hearing on November 10, 2016 at 9:00 a.m. to address Plaintiffs' request for an award of $250,000 in attorneys' fees to Plaintiffs' Attorneys, Werman Salas P.C., pursuant to the Parties' Settlement Agreement.

SO ORDERED this 4th day of August, 2016.

_____
Magistrate Judge Sidney I. Schenkier